UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STEVEN P. MEERSCHAERT,**

       Plaintiff,

                                   Case No.

v.

**ASCENSION HEALTH,** a Missouri not for profit
corporation, and **ASCENSION BRIGHTON
CENTER FOR RECOVERY,** a Michigan not
for profit corporation,

       Defendants.
_____

SOMMERS SCHWARTZ, P.C.
Daniel D. Swanson (P29288)
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
dswanson@sommerspc.com
_____

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

    **NOW COMES** Plaintiff, STEVEN P. MEERSCHAERT, by and through his

attorneys, SOMMERS SCHWARTZ, P.C., and for his Complaint against Defendants,

ASCENION HEALTH and ASCENSION BRIGHTON CENTER FOR

RECOVERY, states as follows:

1

## PARTIES

1.      Plaintiff, STEVEN P. MEERSCHAERT, is an individual residing in the

City of Royal Oak, Oakland County, State of Michigan.

2.      Defendant, ASCENSION HEALTH ("Ascension Health"), is

incorporated in the State of Missouri and its principal place of business is in the City

of St. Louis, State of Missouri.

3.      Defendant, ASCENSION BRIGHTON CENTER FOR RECOVERY

("Ascension Brighton'), is incorporated in the State of Michigan and its principal

place of business is the City of Brighton, Livingston County, State of Michigan.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction in connection with this case pursuant to 42

U.S.C. § 2000e-5(f) and 29 U.S.C. § 2617e.

5.      The events and conduct giving rise to the claims in this action occurred

in this Judicial District.  Venue is proper in this judicial circuit pursuant to 28 U.S.C.

§ 1391.

## GENERAL ALLEGATIONS

6.      According to Ascension Health's website:

Ascension is a faith-based healthcare organization dedicated to
transformation through innovation across the continuum of care
… Ascension includes more than 160,000 associates and 40,000
aligned providers. The national health system operates more than
2,600 sites of care – including 146 hospitals and more than 40
senior living facilities – in 19 states and the District of Columbia,

2

while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization.
https://www.ascension.org/About?_ga=2.69492752.148003 4101.1621520127-666009262.1618756883

7.      Further, Ascension Health's website provides as follows:

We strive to cultivate a work environment where associates are highly regarded and treated honestly and respectfully; where their health and safety are protected; where they are motivated to reach their potential and have opportunity for personal and career learning and advancement; where they have opportunities to participate in decisions affecting their working conditions; where they have tools for performing their jobs well; where they have safe and adequate procedures for resolving conflicts; and where they are recognized for their achievements, without prejudice or discrimination.
https://ascension.org/About/Corporate-Responsibility

8.      Ascension Brighton's website states as follows:

Ascension Brighton Center for Recovery provides compassionate, personalized care to those struggling with drug or alcohol dependence. This has been our goal from the beginning. We work to change lives every day. And we bring a unique combination of professional expertise and personal experience to the job.
https://healthcare.ascension.org/locations/michigan/midet/brigh ton-ascension-brighton-center-for-recovery

9.      MEERSCHAERT is a 41 year old married man and the father of 1 child.

10.     MEERSCHAERT is a graduate of the University of Nevada, holding a

Bachelor of Arts degree in psychology and Oakland University, holding a Master of

Arts degree in counseling.

3

11.     Since 2003, MEERSCHAERT has worked as a counselor and therapist.

12.     MEERSCHAERT began employment with Defendants on May 23, 2017, working as the Behavioral Health Manager/Admissions Director at Ascension Brighton.

13.     Throughout his employment with Defendants, MEERSCHAERT was an exemplary employee as evidenced by his consistently good job performance evaluations, bonuses and merit pay increases.  In addition, Defendants increased MEERSCHAERT's job responsibilities and promoted him.

14.     In his 2019 job performance evaluation (which is his most recent evaluation as contained in his personnel file), MEERSCHAERT's immediate supervisor, Ms. Barbara Shoup, rated him in all categories as "Exceeds Expectations" or "Fully Meets Expectations".  MEERSCHAERT's "overall rating" was "Exceeds Expectations". Further, Shoup wrote as follows:

> "Steven is a highly effective leader.  He manages the many areas within his span of control in a highly effective manner…Steven holds himself and others to a high standard and that has helped position Brighton in a better place to move forward and be successful in its strategic initiatives moving into the future."

15.     Prior to discharge, Defendants never disciplined MEERSCHAERT as evidenced by his personnel file which is devoid of any document critical of his job performance and/or evidencing any sort of discipline action.

16.    Beginning in early 2021, MEERSCHAERT communicated to his

supervisor, Shoup, about his mental health issues and his decision to take a medical

leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601 *et*

*seq.*) ("FMLA").

17.    In February 2021, MEERSCHAERT began treating with a psychiatrist

who diagnosed him as suffering from major depressive disorder and generalized

anxiety disorder arising from his father's death in August 2020.

18.    As a result of this diagnosis, MEERSCHAERT was prescribed

medications to treat his mental health problems.  Further, MEERSCHAERT began

psychotherapy with a therapist.

19.    In connection with his illness and ongoing treatment, MEERSCHAERT

began a FMLA medical leave on February 9, 2021.

20.    As a result of his ongoing treatments, MEERSCHAERT's mental health

condition improved so that his psychiatrist informed Defendants by way of a March

16, 2021 letter that MEERSCHAERT could return to full-time employment without

restrictions on March 22, 2021.

21.    On March 22, 2021 when MEERSCHAERT returned to Defendants'

Brighton hospital to resume work, he was immediately directed to meet with Shoup

and Mr. Raymond Waller, Hospital Executive.

22.    At the March 22, 2021 meeting, Shoup and Waller immediately began questioning MEERSCHAERT about outpatient department patient charts (which was one of six departments which he managed) not being prepared and filed. MEERSCHAERT informed them that he had no knowledge about that matter. Further, MEERSCHAERT stated that he together with Shoup had devised the process/system pursuant to which two staff persons were responsible for preparing and filing outpatient charts during the COVID pandemic and that only one of those staff persons reported to him prior to his FMLA leave.

23.    In addition, MEERSCHAERT indicated that ongoing and regular hospital audits of patient chart preparation and filing had failed to uncover any failure to maintain outpatient charts prior to his having gone off on FMLA leave. Finally, MEERSCHAERT noted that prior to his FMLA leave, he had specifically requested additional auditing of outpatient charts.

24.    The March 22, 2021 meeting ended with MEERSCHAERT being ordered to go home.

25.    MEERSCHAERT told Shoup and Waller that they did not have a legitimate basis to prohibit him from resuming work and further, that they were retaliating against him as a result of his having taken an FMLA leave due to mental health issues.

26. On March 23, 2021, Shoup and Waller called MEERSCHAERT and told him that effective immediately, he was fired. Shoup and Waller failed to provide MEERSCHAERT with any reason for his firing.

27. At the conclusion of the March 23, 2021 phone conversation, MEERSCHAERT again stated that Defendants were retaliating against him as a result of his having taken a FMLA leave to address his mental health issues.

## COUNT I:

### VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 *et seq.*, -- INTERFERENCE

28. MEERSCHAERT incorporates paragraphs 1 through 27 of his Complaint.

29. MEERSCHAERT was an "eligible employee" under the FMLA.

30. Defendants are an "employer" under the FMLA.

31. It is unlawful under the FMLA for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

32. The FMLA provides an employee up to 12 weeks of leave for a serious health condition. 29 U.S.C § 2612(a); 29 CFR 825.112(a)(1)–(6), .200(a).

33. MEERSCHAERT provided Defendants with adequate notice of his need for leave pursuant to the FMLA.

34.     Defendants interfered with MEERSCHAERT's FMLA rights upon him returning to work after an FMLA medical leave, by refusing to allow him to resume working and then, firing him.

35.     Defendants knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to MEERSCHAERT's rights under the FMLA.

36.     As a direct and proximate result of Defendants' adverse actions, MEERSCHAERT suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

**WHEREFORE**, Plaintiff requests that this Court enter its Judgment against Defendants in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

## COUNT II:

### VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 *et seq.*, – RETALIATION

37.     MEERSCHAERT incorporates Paragraphs 1 through 27 of his Complaint.

38.     MEERSCHAERT was an "eligible employee" under the FMLA.

39.     Defendants are an "employer" under the FMLA.

40.     It is unlawful under the FMLA for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." by the FMLA, 29 U.S.C. § 2615(a).

41.     Defendants knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to MEERSCHAERT's rights under the FMLA. Defendant's violations of FMLA included, but were not limited to, refusing to allow MEERSCHAERT to resume work and then, firing him.

42.     As a direct and proximate result of Defendants adverse actions, MEERSCHAERT has suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

**WHEREFORE**, Plaintiff requests that this Court enter its Judgment against Defendants in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

*s/ Daniel D. Swanson*
SOMMERS SCHWARTZ, PC
Daniel D. Swanson (P29288)
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 746-4046
dswanson@sommerspc.com

Dated:  May 24, 2021