UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEVEN P. MEERSCHAERT,

      Plaintiff,

v.

ASCENSION HEALTH, a Missouri not for profit corporation, and ASCENSION BRIGHTON CENTER FOR RECOVERY, a Michigan not for profit corporation,

      Defendants.

CASE NO. 2:21-cv-11205

HON. TERRENCE G. BERG

MAGISTRATE JUDGE
DAVID R. GRAND

| SOMMERS SCHWARTZ, P.C. | JACKSON LEWIS, P.C. |
|---|---|
| Daniel D. Swanson (P29288) | Tiffany Buckley-Norwood (P69807) |
| Jenna Sheena (P84645) | Franceska N. Edinger (P84629) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| One Towne Square, Suite 1700 | 2000 Town Center, Ste. 1650 |
| Southfield, Michigan 48076 | Southfield, MI 48075 |
| (248) 355-0300 | (248) 936-1900 |
| dswanson@sommerspc.com | Tiffany.Buckley@jacksonlewis.com |
| JSheena@sommerspc.com | Franceska.Edinger@jacksonlewis.com |

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action (the "Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information (the "Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Defendants ASCENSION HEALTH and ASCENSION BRIGHTON CENTER FOR RECOVERY ("Defendants") and Plaintiff STEVEN MEERSCHAERT ("Plaintiff") have agreed, by and through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1. IT IS ORDERED that all Discovery Material produced, or depositions taken in discovery in the Litigation, shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this action, Defendants, Plaintiff, or any party to the Litigation, or any third party discloses Discovery Material they deem private, confidential, or proprietary, the producing entity may designate such Discovery Material as "Confidential." Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Stipulation and Protective Order ("Order").

2. Documents may be designated "Confidential" by stamping each page of the document with the corresponding legend. Deposition testimony may be designated "Confidential" by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney, or an attorney for any party. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

3. Any person in possession of Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4. Confidential Material shall not be disclosed, except as provided in paragraphs 5 and 6 below, except upon prior written consent of the designating party.

5. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;

    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;

    (c) attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;

    (d) parties to the Litigation and their officers, directors, trustees, and employees – with the exception of documents denoted for Attorneys' Possession Only which may not be disclosed to any of the foregoing except by the express consent of the producing party;

    (e) the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

    (f) anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

    (g) experts, advisors, consultants, and other persons engaged to assist directly in the Litigation.

6. With respect to persons specified in paragraph 5(f) and (g) above, any testimony concerning Confidential Material shall itself be deemed Confidential Material.

7. In the event that counsel for any signatory to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the challenging party shall have the burden of moving and may move upon proper notice within thirty days to obtain an appropriate order. In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until such motion is resolved.

8. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

9. This Order shall have no effect upon a designating party's use of its own Discovery Material, regardless of designation.

10. The inadvertent failure to designate Discovery Material as Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 5 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

11. The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Any Discovery Material so produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such Discovery Material shall not be introduced into evidence in this or any other proceeding by any person or order of the Court, nor will such Discovery Material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any Discovery Material in this action, which, absent such production,

would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12. If any person in possession of Confidential Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response; and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of any Discovery Material to refuse to comply with its legal obligations regarding such process or request.

13. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

14. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

15. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential or Attorneys' Possession Only Material shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

16. In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court, and no signatory to this Order shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

17. The terms of this Order shall be effective, and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

18. The terms of this Order shall not terminate at the conclusion of the Litigation.

19. Prior to the time this Order is entered by the Court, Discovery Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

20. Documents and information containing third-party individually identifiable health information or Protected Health Information as defined by regulations under the Health Insurance Portability and Accountability Act, 45 CFR §160.103, and other third-party patient health information protected by the Physician-Patient Privilege, MCL § 600.2157 and/or Michigan's Patient Rights Statute, MCL § 333.20201 (collectively referred to as "PHI") shall only be produced in the instant cause of action if the PHI is redacted and the document is marked "CONFIDENTIAL."  In the event any PHI is inadvertently produced or received by any Party to this action in unredacted form, it shall be immediately returned to the producing Party, and all copies or summaries thereof immediately destroyed, and such Discovery Material containing PHI shall not be introduced into evidence in this or any other proceeding until such time as it is returned to the producing Party for appropriate redactions and re-production in redacted form with "CONFIDENTIAL" designation.

21. **Filing Protected Documents.** In the event that documents designated as Confidential are filed, home addresses, phone numbers, driver's license numbers, dates of birth, social security numbers, proprietary information, and other sensitive information will be redacted from documents filed in the public record.

22. This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth

a. the authority for sealing;

b. an identification and description of each item proposed for sealing;

c. the reason that sealing each item is necessary;

d. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

e. a memorandum of legal authority supporting sealing.

*See* Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

Whenever a motion to seal is filed, the movant shall comply with the requirements of Local Rule 5.3 set forth above and submit a proposed order which states the particular reason the sealing is required. The proposed order shall be

submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2021

**WE HEREBY STIPULATE TO ENTRY OF THE ABOVE ORDER:**

| SOMMERS SCHWARTZ, P.C. | JACKSON LEWIS P.C. |
|---|---|
| By: /s/ Jenna Sheena (w/consent) | By: /s/ Tiffany Buckley-Norwood |
| SOMMERS SCHWARTZ, P.C. | JACKSON LEWIS, P.C. |
| Daniel D. Swanson (P29288) | Tiffany Buckley-Norwood (P69807) |
| Jenna Sheena (P84645) | Franceska N. Edinger (P84629) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| One Towne Square, Suite 1700 | 2000 Town Center, Ste. 1650 |
| Southfield, Michigan 48076 | Southfield, MI 48075 |
| (248) 355-0300 | (248) 936-1900 |
| dswanson@sommerspc.com | Tiffany.Buckley@jacksonlewis.com |
| JSheena@sommerspc.com | Franceska.Edinger@jacksonlewis.com |
| Dated: August 17, 2021 | Dated: August 17, 2021 |

4812-8355-5057,